**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| THOMAS "ENNIS" BRAGG, JR., | § § § | |
| Plaintiff, | § § | Civil Action No. |
| v. | § § | _____ |
| CHARTER UP HOLDINGS, LLC, ARMIR HARRIS, and LUIS CARRANZA | § § § | Superior Court of Fulton County Case No.: 2023CV382448 |
| | § § | |
| Defendant. | § | |

## DEFENDANT CHARTER UP HOLDINGS, LLC'S
## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendant Charter UP Holdings, LLC now known as CharterUp Technologies, LLC ("CharterUP"[1] or the "Defendant") hereby removes this civil action to the United States District Court for the Northern District of Georgia from the Superior Court of Fulton County, State of Georgia, the Court in which the case was originally filed.

Removal of this action is proper because this Court has federal question

---

[1] In December 2021 Charter Up Holdings, LLC merged with and into CharterUp Technologies, LLC, the surviving entity.

1

jurisdiction and/or supplemental jurisdiction over all of Plaintiff Bragg's claims under 28 U.S.C. §§ 1331 and 1367.  In particular, Plaintiff asserts three claims pursuant to the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq*. ("ERISA"), providing this Court with federal question jurisdiction.

In support of this Notice of Removal, Defendant states as follows:

## TIMELINESS OF REMOVAL

1.     On July 7, 2023, Plaintiff Thomas "Ennis" Bragg ("Plaintiff") commenced this action in the Superior Court of Fulton County, Georgia, Case No. 2023CV382448 (the "Superior Court Action") by filing a Complaint.

2.     Plaintiff served Defendant Charter Up Holdings, LLC with the Complaint on March 11, 2024.

3.     On information and belief no other defendants have been served with the pleadings in this action.

4.     In accordance with 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a), Defendant timely files this Notice of Removal within 30 days of Plaintiff's service of process upon Defendant.

## VENUE

5.     This case properly may be removed to this United States District Court pursuant to 28 U.S.C. § 1446(a), because the United States District Court for the

2

Northern District of Georgia, Atlanta Division, is the district and division embracing the place where the Superior Court Action is pending. *See also* 28 U.S.C. § 90.

## JURISDICTION

6.     This is a civil action under which this Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1367. Defendants properly may remove pursuant to 28 U.S.C. §§ 1331 and 1446 because the matter involves federal questions.

7.     Counts IV, V and VI, on the face of the Complaint, are claims asserted by the Plaintiff under the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* ("ERISA"), a federal statute. Removal and jurisdiction based on a federal question is governed by the well-pleaded complaint rule. *See, e.g., Taylor v. Anderson*, 234 U.S. 74, 75–76, 34 S.Ct. 724, 725, 58 L.Ed. 1218 (1914); *Kemp v. Int'l Bus. Machs. Corp.*, 109 F.3d 708, 712 (11th Cir.1997) (*citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 11, 103 S.Ct. 2841, 2845, 77 L.Ed.2d 420 (1983)). The test ordinarily applied for determining whether a claim arises under federal law is whether a federal question appears on the face of the plaintiff's complaint. *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152, 29 S.Ct. 42, 43, 53 L.Ed. 126 (1908); *Connecticut State Dental Ass'n v. Anthem Health Plans, Inc.*  591 F.3d 1337 at 1343 (11th Cir. 2009**).**

8.     The question of whether Defendant CharterUp's unit incentive plan,

3

which is at issue in this proceeding, is governed by ERISA or not constitutes an essential element of Plaintiff's ERISA claims, and thus the claims arise under federal law. Furthermore, when federal claims are asserted federal courts have supplemental jurisdiction over state claims, including those asserted in Plaintiff's complaint.  See, e.g., *Borrero v. United Healthcare of New York, Inc*., 610 F.3d 1296, 1301 (11th Cir. 2010); *Smith v. Wynfield Dev. Co.*, 238 F. App'x 451, 456 (11th Cir. 2007). Accordingly, this Court has supplemental jurisdiction of the state law claims asserted in Plaintiff's complaint under 28 U.S.C. §1367.

## OTHER PROCEDURAL REQUIREMENTS

9.     In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on the Defendant in the Superior Court Action are attached as **Exhibit A.** Defendant is also filing (a) its Consent to Removal of Action to Federal Court, which is attached hereto as **Exhibit B**, (b) a signed certificate of interested persons that complies with Local Rule 3.3, and (c) a civil cover sheet.

10.     Promptly after filing this Notice of Removal, Defendant will give written notice of the removal to Plaintiff through his attorneys of record in the Superior Court Action, as well as to the Clerk of Court of the Superior Court of Fulton County, Georgia, as required by 28 U.S.C. § 1446(d).

11.     Pursuant to 28 U.S.C. § 1446(b)(2)(A), the only Defendant to have

4

been served consents to this removal.  On information and belief the other co-defendants would consent to removal.

WHEREFORE, Defendant requests that this case be removed from the Superior Court of Fulton County, Georgia, to this Court.

Respectfully submitted this 5th day of April 2024.

/s/ Raymond L. Moss
Raymond L. Moss
Georgia Bar No. 526569
rlmoss@mossgilmorelaw.com
**MOSS & GILMORE LLP**
3630 Peachtree Road Suite 1025
Atlanta, Georgia 30326
Telephone No. (678) 381-8601
Facsimile No. (815) 364-0515

*Counsel for Defendant*
*Charter Up Holdings, LLC*
*now known as*
*CharterUp Technologies, LLC*

## **L.R. 7.1 CERTIFICATE**

Pursuant to L.R. 7.1D, counsel certifies that the foregoing complies with the font and point selections approved by the Court in L.R. 5.1C. This document was prepared using Times New Roman 14-point font.

Respectfully submitted on April 5, 2024.

<u>/s/ Raymond L. Moss</u>
Raymond L. Moss
Georgia Bar No. 526569

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing DEFENDANT'S NOTICE OF REMOVAL with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record. Additionally, the document will be sent to counsel of record via United States mail:

Nancy B. Pridgen, Esq.
Pridgen Bassett Law, LLC
138 Bulloch Avenue
Roswell, GA 30075
Email: nancy@pridgenbassett.com

This 5th day of April 2024.

/s/ Raymond L. Moss
Raymond L. Moss
Georgia Bar No. 526569
rlmoss@mossgilmorelaw.com
**MOSS & GILMORE LLP**
3630 Peachtree Road Suite 1025
Atlanta, Georgia 30326
Telephone No. (678) 381-8601
Facsimile No. (815) 364-0515

*Counsel for Defendant*