**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
GEORGIA ATLANTA DIVISION**

| | | |
|---|---|---|
| THOMAS "ENNIS" BRAGG, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. |
| v. | § | 1:24-cv-01464-AT |
| | § | |
| CHARTER UP HOLDINGS, LLC, | § | |
| ARMIR HARRIS, and LUIS | § | |
| CARRANZA | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS ARMIR HARRIS' AND LUIS CARRANZA'S
MOTION TO DISMISS COUNTS IV, V AND VI OF PLAINTIFF'S
COMPLAINT (FRCP 12(b)(6))**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants

Armir Harris and Luiz Carranza ("Defendants" or "Defendants Harris and

Carranza") move the Court to dismiss Counts IV, V and VI of Plaintiff's Complaint.

For the reasons discussed herein, and based on the factual and legal arguments set

forth in the Motion to Dismiss submitted by Defendant Charter Up Holdings, LLC

("CharterUp") (Dkt. Entry 3), including those set forth in the CharterUp

Memorandum of Law in Support of Motion to Dismiss (Dkt. Entry 3-1) and the

1

Declaration of Armir Harris with exhibits (Dkt. Entry 3-2), Complaint Counts IV, V and VI should be dismissed with prejudice for failure to state a claim for which relief can be granted pursuant to Rule 12(b)(6).  Defendants Harris and Carranza incorporate by reference herein the legal and factual arguments set forth in the CharterUp Motion to Dismiss and related documents to the extent applicable to Defendants.  So as to avoid duplication and to avoid burdening the Court and counsel for Plaintiff, Defendants Harris and Carranza will not recast the Memorandum of Law under their names but instead submit this motion based on, and join in, the arguments set forth therein.

**DISCUSSION**

Plaintiff commenced this action in the Superior Court of Fulton County, Georgia, Case No. 2023CV382448 (the "Superior Court Action") by filing a Complaint.  CharterUp was served with process and timely filed a Notice of Removal on April 5, 2024, and filed its Motion to Dismiss on April 9, 2024.

Defendants Harris and Carranza were not served with the complaint in the Superior Court Action but on April 22, 2024, through counsel, signed a waiver of service which provides for an acknowledgement of receipt of the Complaint in the

2

Superior Court Action.  Simultaneously with the filing of this motion Defendants are filing a consent to and joinder of the CharterUp Notice of Removal.

The claims in the Complaint against all defendants are based on the same factual predicate.

In the Complaint Plaintiff asserted three claims under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.* Complaint Count IV sets forth a claim pursuant to §502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B).  The heading to Count IV states that the claim is "Against CharterUp."  However, to the extent Count IV asserts a claim against Defendants Harris and Carranza[1] they are entitled to dismissal of Count IV for the reasons set forth the CharterUp Motion to Dismiss and, in particular the Memorandum of Law in Support.  Defendants seek dismissal pursuant to Rule 12(b)(6) which allows for dismissal of a case when the complaint "fail[s] to state a claim upon which relief may be granted." As discussed beginning at page 8 of the CharterUp Memorandum of Law in Support the plan at issue the "CharterUp Holdings, LLC 2019 Unit Incentive Plan" ("Unit Incentive Plan") which provided for the issuance of unit

---

[1] Complaint ¶52 contained in Count IV seeks relief pursuant to "ERISA § 502(a)(1)(B)" "Due to Defendants' unlawful actions".

3

incentive options pursuant to the "CharterUp Holdings, LLC 2019 Unit Incentive Plan Option Agreement" ("Incentive Plan Option Agreement") is neither an employee welfare benefit plan nor an employee pension benefit plan, and accordingly is not subject to ERISA.  Therefore, Plaintiff may not assert an ERISA claim against Defendants, including a claim under §502(a)(1)(B). Accordingly, and for the reasons set forth herein and in the CharterUp Motion to Dismiss, Defendants respectfully request dismissal of Complaint Count IV.

Complaint Count V sets forth a claim pursuant to ERISA §510, 29 U.S.C. § 1140 "Against All Defendants."  Defendants Harris and Carranza seek dismissal of the §510 claim in accordance with Rule 12(b)(6).  The basis for dismissal of the ERISA §510 claim is set forth beginning at page 17 of the CharterUp Memorandum of Law in Support and Defendants Harris and Carranza incorporate by reference the legal and factual arguments set forth therein.  In particular, the Unit Incentive Plan and the options issued pursuant thereto via the Incentive Plan Option Agreement, is neither an employee welfare benefit plan nor an employee pension benefit plan, and accordingly is not subject to ERISA.  Therefore, Plaintiff may not assert an ERISA claim against Defendants, including a claim under §510. Accordingly, and for the

reasons set forth herein and in the CharterUp Motion to Dismiss, Defendants respectfully request dismissal of Complaint Count V.

Complaint Count VI sets forth a claim pursuant to ERISA §502(g), 29 U.S.C. §1132(g) "Against All Defendants." Defendants Harris and Carranza seek dismissal of the §502(g) claim in accordance with Rule 12(b)(6). The basis for dismissal of the ERISA §502(g) claim, which is a claim for attorney's fees for alleged violations of various sections of ERISA, is set forth beginning at page 21 of the CharterUp Memorandum of Law in Support and Defendants Harris and Carranza incorporate by reference the legal and factual arguments set forth therein. In particular, the §502(g) is necessarily contingent on the claims arising under ERISA §502(a)(1)(B) and §510, which are subject to dismissal, Plaintiff is not entitled to attorney's fees under §502(g) and that claim should likewise be dismissed with prejudice. Accordingly, and for the reasons set forth herein and in the CharterUp Motion to Dismiss, Defendants respectfully request dismissal of Complaint Count V.

## CONCLUSION

Based on the foregoing, and for the reasons set forth in the CharterUp Motion to Dismiss (and accompanying papers), Defendants Harris and Carranza respectfully

submit they entitled to dismissal with prejudice of each of Plaintiff's causes of action asserted under ERISA including Complaint Counts IV, V and VI.

Respectfully submitted this 26th day of April, 2024.

/s/ Raymond L. Moss
Raymond L. Moss
Georgia Bar No. 526569
Email: rlmoss@mossgilmorelaw.com
Michael P. Gilmore
*pro hac vice*
Email:mpgilmore@mossgilmorelaw.com

**MOSS & GILMORE LLP**
3630 Peachtree Road Suite 1025
Atlanta, Georgia 30326
Telephone No. (678) 381-8601
Facsimile No. (815) 364-0515

*Counsel for Defendants*

6

## **L.R. 7.1 CERTIFICATE**

Pursuant to L.R. 7.1D, counsel certifies that the foregoing complies with the font and point selections approved by the Court in L.R. 5.1C. This document was prepared using Times New Roman 14-point font.

Respectfully submitted this 26th day of April 2024.

/s/ Raymond L. Moss
Raymond L. Moss
Georgia Bar No. 526569

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing DEFENDANTS ARMIR HARRIS' AND LUIS CARRANZA'S MOTION TO DISMISS COUNTS IV, V AND VI OF PLAINTIFF'S COMPLAINT (FRCP 12(b)(6)) with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification and service of such filing to all registered counsel of record.

This 26th day of April 2024.

/s/ Raymond L. Moss
Raymond L. Moss
Georgia Bar No. 526569
rlmoss@mossgilmorelaw.com
**MOSS & GILMORE LLP**
3630 Peachtree Road Suite 1025
Atlanta, Georgia 30326
Telephone No. (678) 381-8601
Facsimile No. (815) 364-0515

*Counsel for Defendants*

8