**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
GEORGIA ATLANTA DIVISION**

| | | |
|---|---|---|
| THOMAS "ENNIS" BRAGG, JR., | § § § | |
| Plaintiff, | § § | |
| v. | § § § | Civil Action No. 1:24-cv-01464-AT |
| CHARTER UP HOLDINGS, LLC, ARMIR HARRIS, and LUIS CARRANZA | § § § § § | |
| Defendants. | § | |

**ANSWER TO FIRST AMENDED COMPLAINT
AND AFFIRMATIVE DEFENSES**

Defendants Charter Up Holdings, LLC (" "Holdings"), Armir Harris and Luis Carranza (collectively "Defendants") through their counsel, answer the First Amended Complaint ("Complaint") of Plaintiff Thoms "Ennis" Bragg, Jr. ("Bragg" or "Plaintiff") as set forth below. Unless specifically admitted, Defendants deny each of the allegations of Plaintiff's Complaint.

**AS TO THE INTRODUCTION**

1.    Defendants deny the allegations of Complaint paragraph 1.

1

## AS TO JURISDICTION AND VENUE

2.      Defendants neither admit nor deny the allegations of Complaint paragraph 2 and respectfully defer to the Court with respect to the meaning and import of the statutory authority referred to therein.

3.      Defendants admit the allegations of Complaint paragraph 3.

4.      Defendants denies the allegations of Complaint paragraph 4.

## AS TO THE PARTIES

5.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Complaint paragraph 5.

6.      With respect to the allegations in Complaint paragraph 6 Defendants admit that CharterUP Holdings, LLC is a limited liability company formed under the laws of the State of Delaware and admit that the principal address and address for the registered agent is 3340 Peachtree Rd NE, Ste. 100, Atlanta, GA 30326.

7.      With respect to the allegations in Complaint paragraph 7 Defendant Armir Harris admits that at certain times he has been a resident of the State of Georgia and denies the other allegations therein.

8.      With respect to the allegations in Complaint paragraph 8 Defendant Luis Carranza admits that at certain times he has been a resident of the State of Georgia and denies the other allegations therein.

2

**AS TO THE FACTUAL BACKGROUND**

9.  Defendants deny the allegations of Complaint paragraph 9 except admit that in or around November 2018 Plaintiff joined Shofur Holdings, LLC in November 2018 with the position of Chief Technology Officer.

10.  Defendants deny the allegations of Complaint paragraph 10 except admit that at a certain time Plaintiff became a participant in the Charter Up Holdings, LLC 2019 Unit Incentive Plan ("Unit Incentive Plan".)

11.  Defendants deny the allegations of Complaint paragraph 11 except admit that at certain times Plaintiff was offered Incentive Plan Unit Options subject to certain terms and conditions including, but not limited to, vesting conditions and continued employment applicable to participation in the Unit Incentive Plan.

12.  Defendants deny the allegations of Complaint paragraph 12.

13.  Defendants deny the allegations of Complaint paragraph 13, except admit upon information and belief that Plaintiff was the subject of a performance review and that the quoted language is an excerpt of same.

14.  Defendants deny the allegations of Complaint paragraph 14, except admits that in late 2022 and early 2023, Holdings presented Plaintiff with one or more proposals relating to the issuance and vesting of Unit Options and respectfully defer to the Court as to the meaning and import of the terms of such proposals.

3

15. Defendants deny the allegations of Complaint paragraph 15 except admit that on January 30, 2023, at 6:11 p.m. Plaintiff informed Armir Harris, the CEO of Holdings that he was declining the proposal presented to Plaintiff relating to the issuance and vesting of Unit Options.

16. Defendants deny the allegations of Complaint paragraph 16 except admit that on January 30, 2023, at 11:17 p.m. Holdings CCO Luis Carranza sent Plaintiff an e-mail terminating Plaintiff's employment  for cause that attached a separation agreement.

17. Defendants deny the allegations of Complaint paragraph 17.

18. Defendants deny the allegations of Complaint paragraph 18.

19. Defendants admit that the Unit Option Agreement contains the language set forth in Complaint paragraph 19.

20. Defendants admit that the Unit Incentive Plan contains the language set forth in Complaint paragraph 20.

21. Defendants deny the allegations of Complaint paragraph 21.

22. Defendants deny the allegations of Complaint paragraph 22.

23. Defendants deny the allegations of Complaint paragraph 23.

24. Defendants deny the allegations of Complaint paragraph 24.

25.    Defendants admit that the Unit Incentive Plan contains the language set forth in Complaint paragraph 25.

26.    Defendants deny the allegations of Complaint paragraph 26.

27.    Defendants deny the allegations of Complaint paragraph 27.

28.    Defendants deny the allegations of Complaint paragraph 28.

29.    Defendants deny the allegations of Complaint paragraph 29.

## AS TO COUNT I

30.    Responding to the allegations set forth in Complaint paragraph 30, Defendants repeat and reallege all answering paragraphs hereof as though fully set forth herein.

31.    Defendants neither admit nor deny the allegations of Complaint paragraph 31 and respectfully defer to the Court with respect to the elements of a breach of contract claim under Delaware law.

32.    Defendants deny the allegations of Complaint paragraph 32.

33.    Defendants deny the allegations of Complaint paragraph 33.

34.    Defendants deny the allegations of Complaint paragraph 34.

35.    Defendants deny the allegations of Complaint paragraph 35.

## AS TO COUNT II

36.    Responding to the allegations set forth in Complaint paragraph 36,

5

Defendants repeat and reallege all answering paragraphs hereof as though fully set forth herein.

37.    Defendants neither admit nor deny the allegations of Complaint paragraph 37 and respectfully defer to the Court with respect to the elements of a tortious interference with a contract claim under Delaware law.

38.    Defendants deny the allegations of Complaint paragraph 38.

39.    Defendants admit the allegations of Complaint paragraph 39.

40.    Defendants deny the allegations of Complaint paragraph 40.

41.    Defendants deny the allegations of Complaint paragraph 41.

42.    Defendants deny the allegations of Complaint paragraph 42.

## AS TO COUNT III

43.    Responding to the allegations set forth in Complaint paragraph 43, Defendants repeat and reallege all answering paragraphs hereof as though fully set forth herein.

44.    Defendants neither admit nor deny the allegations of Complaint paragraph 44 and respectfully defer to the Court with respect to the imposition of attorney's fees under Delaware law.

45.    Defendants deny the allegations of Complaint paragraph 45.

46.    Defendants deny the allegations of Complaint paragraph 46.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitations and under the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

The Claims and each claim for relief alleged in the Complaint are barred by the defenses of waiver, estoppel and ratification.

### FOURTH AFFIRMATIVE DEFENSE

The Claims and each claim for relief alleged the Complaint are barred by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from any recovery on the Claims as it has sustained no damages as a result of any acts or omissions allegedly committed by Defendants.

### SIXTH AFFIRMATIVE DEFENSE

If Plaintiff suffered or sustained any damages as alleged in the Complaint, which Defendant denies, such damages, if any, were proximately caused and were a consequence of the conduct, actions, omissions, negligence or intentional conduct

of Plaintiff and were not the fault or responsibility of Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants Armir Harris and Luis Carranza are improper parties to this proceeding since, *inter alia*, the allegations regarding their conduct set forth were undertaken in their corporate capacities and there was no privity of contract between Plaintiff and Armir Harris and Luis Carranza.

## EIGHTH AFFIRMATIVE DEFENSE

The damages suffered by Plaintiff, if any, were directly and proximately caused by Plaintiff's own acts, omissions, carelessness and/or negligence. Plaintiff's recovery, if any, should therefore be reduced to the extent that Plaintiff was at fault under the doctrine of comparative fault due to his own acts, omissions, carelessness and/or negligence.

## NINTH AFFIRMATIVE DEFENSE

Defendants' conduct was not the proximate cause of Plaintiff's damages, to the extent Plaintiff suffered any injury alleged in the Complaint.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate its damages, if any.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to sufficiently plead entitlement to attorney's fees or satisfy the requirement for entitlement to the same.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff has breached one or more agreements with Holdings, has acted in bath faith, and may not seek to enforce the terms of the various agreements by virtue of his bad faith.

**WHEREFORE**, Defendants Charter Up Holdings, LLC, Armir Harris and Luis Carranza pray for judgment as follows:

1. That Plaintiff takes nothing by way of its Complaint;

2. That the Complaint, and each and every purported claim for relief therein, be dismissed with prejudice; and

3. For such other and further relief as the Court deems just and proper.

[Signature page follows]

9

Respectfully submitted on June 11, 2024.

MOSS & GILMORE LLP

/s/ Raymond L. Moss
Raymond L. Moss
Georgia Bar No. 526569
**MOSS & GILMORE LLP**
3630 Peachtree Road
Suite 1025
Atlanta, Georgia 30326
Telephone No. (678) 381-8601
Facsimile No. (815) 364-0515
Email: rlmoss@mossgilmorelaw.com

*Counsel for Defendant*
*Charter Up Holdings, LLC,*
*Armir Harris and*
*Luis Carranza*

10

## **L.R. 7.1 CERTIFICATE**

Pursuant to L.R. 7.1D, counsel certifies that the foregoing complies with the font and point selections approved by the Court in L.R. 5.1C. This document was prepared using Times New Roman 14-point font.

Respectfully submitted on June 11, 2024.

/s/ Raymond L. Moss
Raymond L. Moss
Georgia Bar No. 526569

11

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing ANSWER TO FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the attorneys of record.

Respectfully submitted on June 11, 2024.

/s/ Raymond L. Moss
Raymond L. Moss
Georgia Bar No. 526569
rlmoss@mossgilmorelaw.com
**MOSS & GILMORE LLP**
3630 Peachtree Road Suite 1025
Atlanta, Georgia 30326
Telephone No. (678) 381-8601
Facsimile No. (815) 364-0515

*Counsel for Defendant*
*Charter Up Holdings, LLC,*
*Armir Harris and*
*Luis Carranza*

12